IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EDWARD E. NEWSOM, § | |
|     PLAINTIFF, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:05-CV-577-Y |
| § | |
| JO ANNE B. BARNHART, § | |
| COMMISSIONER OF SOCIAL SECURITY, § | |
|     DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND
NOTICE AND ORDER**

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A.   STATEMENT OF THE CASE

Plaintiff Edward Newsom brings this action pursuant to Section 405(g) of the Social Security Act, Title 42 of the United States Code, for judicial review of a final decision of the Commissioner of Social Security denying his claim for disability insurance benefits under Title II of the Social Security Act. Newsom applied for disability benefits on October 19, 2001, and alleges disability beginning October 1, 2000. (Tr. 133). His insured status expired on December 31, 2000. (Tr. 16).

After the Social Security Administration denied Newsom's application for benefits both initially and on reconsideration,  Newsom requested a hearing before an administrative law judge

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 1**

(the "ALJ").  ALJ Jeffrey W. Kohlman held a hearing on October 14, 2004 in Atlanta, Georgia. (Tr. 15, 22-51).  Newsom was represented by counsel during the hearing.  On March 24, 2005, the ALJ issued a decision that Newsom was not disabled because he had the residual functional capacity (RFC) to perform a modified range of sedentary work activity. (Tr. 15-21).  The Appeals Council denied Newsom's request for review of his case, leaving the ALJ's decision to stand as the final decision of the Commissioner.  (Tr. 7).

B.  STANDARD OF REVIEW

The Social Security Act defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity.  42 U.S.C. § 423(d)(1)(A); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed.  20 C.F.R. § 404.1520. First, the claimant must not be performing substantial gainful activity. Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. § 404.1527.  Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c). At the third step, disability will be found if claimant's impairment or combination of impairments meets or equals an impairment listed in the appendix to the regulations.  *Id.* § 404.1520(d). Fourth, if disability cannot be found on the basis of claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work.  *Id.* § 404.1520(e). And fifth, the impairment must prevent the claimant from doing any  work, considering the claimant's residual functional capacity, age, education, and past work experience.  *Id.* § 404.1520(f);

*Crowley v. Apfel,* 197 F.3d 194, 197-98 (5th Cir.1999).

At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant satisfies this responsibility, the burden shifts to the Commissioner at step five of the process to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Crowley*, 197 F.3d at 198. If the Commissioner meets this burden, the claimant must then prove that he cannot in fact perform the work suggested. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). A finding at any point in the five-step process that a claimant is disabled or not disabled is conclusive and terminates the analysis. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id*. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id*. Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson*, 309 F.3d at 272. The court will not re-weigh the evidence, try the questions *de novo,* or substitute its judgment for the Commissioner's, even if the court believes the evidence weighs against the Commissioner's decision. *Id.*; *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir.2000); *Hollis*, 837 F.2d at 1383.

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 3**

C.   ISSUE

Newsom contends that the administrative determination that he could perform other work available in the national economy is unsupported by substantial evidence.

D.   ADMINISTRATIVE RECORD[1]

1.   Administrative Hearing

Newsom testified that he last worked in 2000 as a security guard at a television station. (Tr. 36). His job required him to sit at a desk, check the badges of people entering the building, and track visitors to the building. The job required him to wear a uniform, but he was not armed. (Tr. 37). Initially the job did not require him to make rounds, but about two months after he started working, his employer moved him to the night-shift, which required walking around the building at night for a total distance of three or four miles during the shift. (Tr. 40). Newsom was terminated when he told his employer he was unable to perform the walking requirements because of his pre-existing back problems. (Tr. 40-41). Newsom testified that he would still be working as a security guard if his employer had not wanted him to work the night-shift and walk around the building. (Tr. 47).

The vocational expert testified that Newsom's previous desk job as a security guard was comparable to the job of surveillance-system monitor, a sedentary position. (Tr. 42-43). The vocational expert testified that there were approximately 2,000 sedentary security jobs available in Georgia, and 38,000 jobs available nationwide. (Tr. 43). The vocational expert affirmed that these jobs were performed just like Newsom's previous day job as a security guard. (Tr. 43).

---

[1] It is unnecessary to summarize Newsom's extensive treatment history because Newsom does not contest the ALJ's findings at Steps 1 through 4 of the sequential evaluation process, but challenges only the sufficiency of the vocational evidence to support the ALJ's finding at Step 5.

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 4**

2.    ALJ Decision

The ALJ found that Newsom had engaged in substantial gainful activity from October 2000 through December 31, 2000, the date he was last insured for disability benefits.[2] (Tr. 18, 20). The ALJ further found that Newsom had the following severe impairments: degenerative disc disease of the lumbar spine, status post lumbar and cervical surgeries, post laminectomy syndrome, and depression. However, the ALJ found that Newsom had no impairments meeting or equaling, singly or in combination, any listed impairment. (Tr. 16-17). Instead, the ALJ found that Newsom had retained the residual functional capacity, as of his date last insured, for sedentary work that was limited to simple, non-detailed work tasks. (Tr. 19). Newsom's past relevant work was not compatible with sedentary exertion. Relying on the vocational expert's testimony, the ALJ found that there were other jobs that Newsom could perform during the relevant time period of October through December 2000, including the job of surveillance-system monitor. The ALJ concluded that Newsom was not under a disability between October 1, 2000 and December 31, 2000, and thus, was not eligible for an award of disability insurance benefits. (Tr. 20-21).

E.    DISCUSSION

Newsom asserts that the ALJ's decision is not supported by substantial evidence because the ALJ did not ask the vocational expert to answer any hypothetical questions that reasonably incorporated all of Newsom's impairments. More specifically, Newsom complains that the ALJ failed to pose a hypothetical question that included Newsom's mental limitation to only simple, non-detailed work tasks.

---

[2] The significance of this finding will be addressed *infra*.

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 5**

As a threshold matter, the court notes that the ALJ affirmatively found that Newsom had engaged in substantial gainful activity during the relevant time period. (Tr. 20). Newsom reported that he worked full-time from October 8, 2000 until December 4, 2000 as a security officer, earning approximately $1,300 in October, $1,300 in November, and an additional $256 for his work in December 2000.[3] (Tr. 287-88). The ALJ acknowledged that Newsom's claim could thus be disposed of at the first step in the sequential evaluation process, but nonetheless proceeded with the disability evaluation.[4] (Tr. 18-19). The court finds no authority, and the parties cite none, that would permit the ALJ to set aside the effect of an affirmative finding of substantial gainful activity at the first step in the sequential evaluation process. The ALJ's choice to proceed with the sequential evaluation process does not override the fact that Newsom does not meet the statutory definition of disability that would entitle him to disability insurance benefits during the relevant time period.[5]  *See generally* 42 U.S.C. § 423(d)(1)(A) (defining disability as a medically

---

[3] In evaluating substantial gainful activity (SGA), the primary consideration is "earnings" derived from that work. SOCIAL SECURITY RULING 83-33. The regulations prescribe an earnings test to be used in determinations of SGA. Average monthly earnings of $700 or more for months after July 1999 ordinarily establishes SGA, while monthly earnings that average less than $300 ordinarily show that the worker has not engaged in SGA. 20 C.F.R. § 404.1574(b)(2)-(3).

[4] Additionally, Newsom argues that his work as a security officer was an unsuccessful work attempt. Work lasting three months or less is considered an unsuccessful work attempt if the claimant stopped working because of his impairment or because of the removal of special conditions at work that took into account his impairments and permitted him to work. 20 C.F.R. § 404.1574(c)(3). The ALJ disagreed, finding Newsom's work as a security guard was successful, but it just so happened that the job ended after two months. (Tr. 50). The ALJ noted that Newsom testified that he could have continued to performed his duties as a desk security guard, which was a sedentary position, but could not perform the extensive walking responsibilities that were later added by his employer. (Tr. 18-19). There is no evidence that Newsom's previous sedentary work as a security guard had been performed under special conditions.

[5] No one challenges the ALJ's observation that Newsom experienced deterioration in his condition after December 31, 2000 that likely renders him disabled; however, Newsom must establish disability before the date his insured status expired to be entitled to benefits. *See Owens v. Heckler*, 770 F.2d 1276, 1280 (5th Cir. 1985); *Oldham v. Schweiker*, 660 F.2d 1078, 1080 n.1 (5th Cir. 1981).

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 6**

determinable impairment of sufficient duration that prevents claimant from engaging in substantial gainful activity). The court also disagrees with Newsom's assertion that the ALJ, in proceeding with the sequential evaluation, "by necessary implication" found that Newsom had not engaged in substantial gainful activity because the ALJ expressly found just the opposite.

Moreover, Newsom fails to demonstrate a lack of substantial evidence to support the ALJ's decision that he could perform the job of surveillance-system monitor.[6] He asserts that the ALJ did not present a proper hypothetical question to the vocational expert, and accordingly, the vocational expert's testimony is not reliable or substantial evidence to support the ALJ's decision at Step 5. *See generally Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001)(noting that defects in hypothetical cannot be waived and will not provide substantial evidence to support unfavorable disability determination); *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994)(requiring hypothetical that reasonably incorporates all recognized disabilities and opportunity for claimant or his representative to correct any deficiencies).

Newsom complains that the vocational expert never specifically testified that a residual functional capacity for sedentary, simple work was compatible with the occupation of surveillance-system monitor, and asserts that this omission results in a lack of substantial evidence to support the ALJ's determination that he could perform that job. But the record demonstrates that Newsom retained the capacity to perform his security desk responsibilities even after his

---

[6] Although Newsom's job as a security guard was substantial gainful activity, the ALJ did not consider it to be past relevant work for purposes of Step 4 of the evaluation process because Newsom performed the job for only two months and obtained the job after his alleged disability onset date, in other words, the security job was not "past" work. (Tr. 17). The ALJ accordingly used the security guard job as evidence at Step 5 of other work that Newsom was capable of performing given his residual functional capacity.

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 7**

alleged onset date of October 1, 2000, with no demonstration that the job, in its sedentary form, exceeded his capabilities. It was only when his employer imposed additional duties that would require more than sedentary exertion that Newsom stopped working. (Tr. 18, 48).

In questioning the vocational expert, the ALJ admittedly did not frame a standard hypothetical question using Newsom's age, education and work history as the characteristics of the hypothetical claimant, but instead asked the vocational expert about the security work that Newsom had performed after his alleged onset date based on the duties that Newsom described. The vocational expert testified that there was full-time work as a surveillance-system monitor that would match the sedentary duties of Newsom's daytime security job. (Tr. 42-43).

Newsom, however, asserts that the job of surveillance-system monitor is incompatible with his need for simple, non-detailed tasks because the Dictionary of Occupational Titles (DOT) specifies that the job of surveillance-system monitor, albeit unskilled work, requires a Reasoning Development of 3. *See* DICTIONARY OF OCCUPATIONAL TITLES 379.367-010 (rev. 4th ed. 1991). "Level 3" reasoning skills require commonsense understanding to carry out instructions furnished in a written, oral, or diagrammatic form and deal with problems involving several concrete variable in or from standardized situations. *See id.* app. C (Scale of General Education Development). Newsom argues that this definition encompasses more complex tasks than he is capable of performing with his given residual functional capacity.

Newsom relies on case law from the Court of Appeals for the Tenth Circuit. *See Hackett v. Barnhart*, 395 F.3d 1168 (10th Cir. 2005). The court considered whether the vocational expert's testimony that a claimant limited to simple, routine tasks could perform the work of call-out

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 8**

operator or surveillance-system monitor when the DOT indicated that both jobs required a reasoning level of three. *Id*. at 1176. The court found that level-three reasoning requirements appeared to be inconsistent with Hackett's RFC and remanded the case to the administrative level to address the conflict between the vocational expert's testimony and the DOT. *Id*.

A similar result was reached in *Augustine v. Barnhart*, 2002 WL 31098512 (E.D. Tex. Aug. 27, 2002). The ALJ found Augustine was limited to sedentary work consisting of only simple, repetitive tasks and instructions, which precluded him from performing his past relevant work. *Id*. at *5. Based on vocational expert testimony, however, the ALJ found Augustine was capable of performing other work existing in significant numbers in the national economy. *Id*. The district court reversed the decision, finding that the vocational expert's testimony about suitable jobs was in direct conflict with the DOT designations, which identified the jobs as heavier in exertion and requiring level-three reasoning. *Id*. at *8-9. In particular, the court found that a reasoning level of three exceeded Augustine's ability to perform no more than simple, repetitive tasks. *Id*. The Commissioner's decision was reversed and remanded for further development and clarification of the vocational evidence. *Id*. at *10.

It is unnecessary to address issues of vocational evidence and reconciliation of conflicts with the DOT under the rare circumstances that Newsom's case presents. Unlike *Hackett* and *Augustine*, Newsom actually performed the job of surveillance-system monitor during the period relevant to his disability claim and at a level indicative of substantial gainful activity. Newsom speculates in his reply brief that perhaps his employer considered moving him to the night-shift responsibilities because he was not performing his daytime duties satisfactorily, but his argument

is unsupported by any evidence in the administrative record–including his own testimony during the administrative hearing.[7]  Based on the totality of the record, the ALJ's determination that Newsom could perform the job of surveillance-system monitor during the relevant time period is supported by substantial evidence.  The ALJ's ultimate determination that Newsom was not disabled is likewise supported by substantial evidence given Newsom's participation in substantial gainful activity during the months of October 2000, November 2000, and the first part of December 2000.

## RECOMMENDATION

It is recommended that the decision of the Commissioner be affirmed.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until September 26, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1).  Failure to file by the date stated above a specific written objection to

---

[7] Newsom's representative asked no questions of the vocational expert during the hearing.

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 10**

a proposed factual finding or legal conclusion will bar a party, except upon grounds jod of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until September 26, 2006 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED SEPTEMBER 5, 2006.

   /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE